IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON KOKINDA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1531-RGA |
| KOCH INDUSTRIES, et al., | : |
| Defendants. | : |

Jason Kokinda, Waterbury, Vermont. Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 28, 2017
Wilmington, Delaware

*ANDREWS*, U.S. District Judge:

Plaintiff Jason Kokinda proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this action on October 30, 2017, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (D.I. 2).[1] The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On November 12, 2009, Plaintiff entered a plea of guilty but mentally ill to four counts of unlawful contact with a minor, 18 Pa. Cons. Stat. § 6318, and one count of criminal use of a communication facility, 18 Pa. Cons. Stat. § 7512. *See Kokinda v. Coleman*, 2017 WL 2296900 (E.D. Pa. Apr. 27, 2017) (citing *Commonwealth v. Kokinda*, No. CP-39-CR-0004541-2007 (Phila. Cnty. Com. Pl.), Criminal Docket at 4, 13-14). On February 17, 2010, he was sentenced to a term of thirty-six to eighty-four months of incarceration. *Id.*

Plaintiff alleges he has documented a history of civil right abuses by Pennsylvania officials and became a political trophy for former Pennsylvania governor Tom Corbett and the Koch Brothers. (D.I. 2 at ¶ 3). He infers that Kathleen Kane coordinated with William Stoycos[2] under pressure from current Pennsylvania governor Tom Wolf and Corbett to attempt to fabricate a case to hold Plaintiff in prison in

---

[1] Plaintiff seeks to incorporate by reference the complaint from Civ. No. 2:16-cv-98, filed in the United States District Court for the District of Vermont. (D.I. 2 at ¶ 46). All pleadings should be contained in a single document and, therefore, I will not consider the District of Vermont action when screening the instant complaint.

[2] Neither of these individuals are identified but both are former employees of the Office of the Attorney General of the Commonwealth of Pennsylvania.

1

perpetuity. (*Id.* at ¶ 4). Plaintiff alleges that upon his release from prison on November 1, 2015, two deputies from the Pennsylvania Office of the Attorney General threatened to maliciously prosecute him under a theory of subliminal threats against Stoycos. (*Id.* at ¶ 5). Plaintiff was released as a tier 3 sex offender, must wear a GPS ankle bracelet, is under community supervision for life, and is labeled a sex offender. (*Id.* at ¶¶ 2, 8, 10).

After his release from prison, Plaintiff and his mother were looking for a hotel room near Dover, Delaware, the night of November 2, 2015. (*Id.* at ¶ 1). Around 11 p.m. Plaintiff and his mother were involved in a road rage incident when John Doe #3 attempted to run their vehicle off the road, followed by a high speed chase. (*Id.* at ¶ 16). Plaintiff states this occurred because he was just released from a prison in a state having strong ties to Wolf, and Wolf had influence over former Delaware governor Jack Markell to retaliate against Plaintiff. (*Id.* at ¶ 12). Plaintiff infers that Markell has personal involvement and alleges all of this creates a reasonable inference of a corrupt government-sponsored retaliation. (*Id.* at ¶¶ 13, 20). Plaintiff reported the incident to the Harrington police, who did nothing. (*Id.* at ¶ 24).

Plaintiff alleges that police throughout Delaware appeared out of nowhere whenever he used his cellphone, were invading his privacy, and tracing the phone's GPS. (*Id.* at ¶ 31) Plaintiff seems to allege that the tracking is a result of the sex offender registry and that Supervisor John Doe #1 is involved. (*Id.* at ¶ 33). When Plaintiff wanted to add "without prejudice" at the time of registry, he was threatened with prison for failure to register. (*Id.* at ¶ 34). Plaintiff alleges that John Doe #2, who is

located in Dover, fabricated the rule as a means to intimidate Plaintiff from asserting his legal rights. (*Id.*)

Plaintiff alleges the incidents of corruption are not the personal agenda of Wolf but are rooted in the mafia, the Koch Brothers, and Koch Industries as the bankroll. (*Id.* at ¶ 35). Plaintiff alleges he is being targeted for his lawsuits against the fracking industry. (*Id.* at ¶ 37). He explains that Koch Industries is the second largest private corporation in America and, since Corbett passed millions of dollars in tax breaks and tax regulations in Pennsylvania, this guarantees Plaintiff will be retaliated against when he seeks to expose corruption. (*Id.* at ¶ 38).

Plaintiff alleges that all Defendants acted under color of law in this "Masonic RICO conspiracy" to violate his constitutional rights. (*Id.* at ¶ 42). He seeks compensatory and punitive damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane*

4

*Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The allegations in the Complaint are legally and factually frivolous. As pled, the facts do not rise to any constitutional violation and there is no legal basis for Plaintiff's claims. In addition, the Court finds the allegations are conclusory, somewhat delusional, and, in the Court's experience and common sense, lead it to recognize that the Complaint does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

In addition, under the liberal notice pleading standard of Rule 8(a), Plaintiff's complaint fails to allege facts that, if proven, would show personal involvement by any named defendant. Indeed, Plaintiff "infers" involvement by named Defendants, without facts to support the inference. As the Complaint now stands, it does not meet the Third Circuit's standard for a legally adequate civil rights complaint. Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons discussed, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order will be entered.

5